UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN RAY BEALER,

        Plaintiff,

v.                                      Case No:   6:21-cv-731-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

## ORDER[1]

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   SHEA A. FUGATE'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 42)
>
> **FILED:**     May 15, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 34, 36, 38.  The case has since been reassigned to the undersigned.  Doc. No. 43.

**I.      BACKGROUND.**

On April 26, 2021, Steven Ray Bealer ("Claimant") entered into a contingency fee agreement with Shea A. Fugate, Esq., for the purpose of appealing the Commissioner of Social Security's ("the Commissioner") denial of Claimant's request for social security disability benefits.  Doc. No. 42-1.  In the event that the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Fugate a fee of twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.  *Id.*

Claimant filed a complaint on April 26, 2021, alleging that the Commissioner had improperly denied his claims for disability and supplemental security income benefits.  Doc. No. 1.  On February 28, 2022, on the Commissioner's unopposed motion (Doc. No. 35), the Court reversed and remanded the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. No. 37.  Judgment was entered accordingly on March 1, 2022.  Doc. No. 39.

Thereafter, Attorney Fugate filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Doc. No. 40.  Attorney Fugate stated that she spent 35.4 hours on this case prior to remand.  *Id.*  On May 23, 2022, the Court granted the motion in relevant part, and awarded a total of $7,832.25 in attorney's fees under the EAJA.  Doc. No. 41.

On remand of this matter, the Commissioner determined that Claimant was entitled to disability benefits. Doc. No. 42-2. The Commissioner awarded Claimant past-due benefits in the total amount of $90,611.92. *Id.* at 5.[2]

By the present motion, Attorney Fugate seeks authorization to collect a total of $14,820.73[3] in attorney's fees from Claimant pursuant to 42 U.S.C. § 406(b), which includes an offset for the EAJA fees previously awarded by the Court. Doc. No. 42, at 2.[4] The Commissioner does not oppose the motion. *Id.* at 8. The matter is ripe for review.

---

[2] The award letter does not state the total amount of past-due benefits, but states that the SSA withheld twenty-five percent of the past due benefits to pay any approved attorney's fee, in the amount of $22,652.98. Doc. No. 42-2, at 5. Twenty-five percent of $90,611.92 equates to $22,652.98. The Court notes that Attorney Fugate incorrectly states in her motion that the amount withheld was $22,652.08. *See* Doc. No. 42, at 3. Accordingly, the $22,652.98 figure is used throughout this Order and for calculation purposes.

[3] Due to the scrivener's error, Attorney Fugate states that she is seeking a total of $14,819.83, calculated as $22,652.08 minus the $7,832.25 previous EAJA award. Doc. No. 42, at 3. However, twenty-five percent of the past due benefits is $22,652.98, and thus the correct calculation is $14,820.73.

[4] When attorney's fees are awarded under both § 406(b) and the EAJA, a social security claimant's attorney must either refund to the claimant the EAJA fees previously received or allow the EAJA fees to be deducted from the amount of withheld past-due benefits. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Attorney Fugate has elected the latter approach.

**II.     APPLICABLE LAW.**

Attorney Fugate seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[5]  The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount more than that allowed by the court. *Id.* § 406(b)(2).  Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district

---

[5] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).  In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the twenty-five percent limit on the amount of fees that could be awarded from past-due benefits.  *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).  Accordingly, here, the Court has not considered any § 406(a) fees awarded at the administrative level.

court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. at 1277. Thus, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover his attorney's fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits. *Id*.

The reasonableness of attorney's fees under § 406(b) depends upon whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely upon the existence of a contingency fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002). Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each particular case. *Id*.

In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the

proceedings. *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

### III. ANALYSIS.

Attorney Fugate represented Claimant before this Court and, through her advocacy, achieved a reversal and remand of the Commissioner's final decision. Doc. Nos. 37, 39. Ultimately, the Commissioner found that Claimant was disabled, and awarded a total of $90,611.92 in past-due benefits. Doc. No. 42-2. Attorney Fugate is therefore entitled to an award of attorneys' fees under § 406(b). *See Bergen*, 454 F.3d at 1271.

Attorney Fugate is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded, in the amount of $22,652.98. *See* 42 U.S.C. § 406(b)(1)(A); Doc. No. 42-2. As discussed above, Attorney Fugate has agreed to reduce the fees sought in this case by the fees previously awarded under the EAJA, and thus seeks a total of $14,820.73 in fees pursuant to § 406(b). Doc. No. 42, at 3. *See also Jackson*, 601 F.3d at 1271.

Upon consideration, the Court finds the amount Attorney Fugate requests in § 406(b) fees is reasonable. First, Claimant entered a contingency-fee agreement, in which he agreed to pay Attorney Fugate a fee of twenty-five percent (25%) of the total amount of the past due benefits ultimately awarded. Doc. No. 42-1. The presence of the contingency-fee agreement favors a finding that the requested amount is reasonable. *See Wells*, 907 F.2d at 371. Second, Attorney Fugate spent approximately 35.4 hours representing Claimant in this Court. *See* Doc. No. 40. As a result of the work of counsel, Claimant was successful on remand of this matter. Doc. No. 42-2. Third, there is no evidence that Attorney Fugate caused any delays in this case. And finally, Attorney Fugate undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits.

Under these circumstances, and absent any objection, the Court finds that Attorney Fugate's request for $14,820.73 under § 406(b) is reasonable in this case.

## IV. CONCLUSION.

For the reasons stated herein, it is **ORDERED** that:

1. Shea A. Fugate's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 42) is **GRANTED**.

2.   Attorney Fugate is authorized to charge and collect from Claimant a total of $14,820.73 under § 406(b).

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2023.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties